UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE COLLINS on his own behlaf and others
similarly situated,

                Plaintiff,

-vs-                                                Case No. 2:09-cv-382-FtM-29SPC

LEE COUNTY, a political
subdivision of the State of Florida
                Defendant.
_____

## ORDER

      This matter comes before the Court on the Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. #41) filed on January 22, 2010. The parties indicate they have reached a settlement of the Plaintiff's claims against the Defendants and have submitted their settlement documentation for review by the Court.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement. In <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

      In the Joint Motion for Approval submitted by the Parties, (Doc. # 15), the Parties represent that to avoid the expense and inconvenience of litigation, a settlement has been reached in a bona

fide good faith dispute and is deemed fair and reasonable. The compromise of the original claim reached between the parties is outlined below.

The parties have agreed that each Plaintiff and opt-in Plaintiff will receive full unliquidated damages, representing all overtime pay they earned throughout 2009, until the date of the settlement agreement, calculated at a rate of time and a half. All the time Plaintiff and opt-in Plaintiffs had banked as "comp time" that was unused will be paid out at a rate of time and a half. See Joint Motion, Doc. #41, p.2. Further, "comp time" Defendant's banked at an hour for hour rate, will be paid out at a half-time rate, bringing its value to time and a half. Additionally, the Defendant has agreed to re-classify the Plaintiff and opt-in Plaintiffs as non-exempt employees and return them to their 2009 schedule. The parties state the case has, therefore, settled without compromise.

With regard to attorney's fees, the Court recognizes the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. In accordance with Bonetti, Counsel has indicated the issue of attorneys fees and costs has been negotiated and settled independent and in seriatim of the Plaintiff's claims. [2]

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.

[2] The Defendants will be paying Counsel attorneys' fees and costs of $21, 250.00, in addition to the Plaintiff's overtime compensation.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. #41) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this   28th   day of January, 2010.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record